IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GENE WILSON,

                            **Plaintiff,**

      v.                                    **1:06-cv-1006-WSD**

FULTON COUNTY BOARD OF
EDUCATION, JAMES WILSON,
SUPERINTENDENT, and RICK L.
WHITE, DIRECTOR,
EMPLOYMENT SERVICES,

                          **Defendants.**

## ORDER

This matter is before the Court on Defendants' Motion to Dismiss [3]. Plaintiff has not filed a response to Defendants' motion.[1]

## I.    BACKGROUND

On May 16, 2002, Plaintiff alleges he was "called and offered a substitute teacher position," and that he accepted the offer. (See Compl. ¶ 7, attached to Notice of Removal [1].) Plaintiff claims when he arrived at the school he "was advised the job was terminated . . . ," and that he received a letter from the Director

---

[1] Because a response has not been filed Defendants' motion is deemed unopposed. See L.R. 7.1(B), N.D. Ga.

of Personnel Services, dated May 16, 2002, "regarding a 'concern' and notifying Plaintiff of his dismissal."  (Id. ¶ 8.)  On February 8, 2004, Plaintiff claims he sent a letter to the Superintendent of Fulton County Schools requesting information regarding the May 16, 2002 letter he received.  (See Feb. 8, 2004 Letter, attached as Ex. A to Compl.)

On March 17, 2006, Plaintiff filed this action in the Superior Court of Fulton County, Georgia.  (See Compl.)  Plaintiff asserts claims against Defendants for (i) breach of contract and (ii) denial of due process.[2]  (See id. ¶¶ 7-10.)

On April 26, 2006, Defendants removed the case to this Court on the grounds that Plaintiff's lawsuit alleges violation of his "Constitutional Right of Due Process . . . ," among other claims, and presents a federal question over which this Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331. (Notice of Removal ¶ 3.)

---

[2]  Plaintiff alleges he "arrived at the school and was advised the job was terminated, as they needed a female.  This action was a breach of Plaintiff's contract."  (Compl. ¶ 7.)  Plaintiff does not assert a claim for gender discrimination under Title VII of the Civil Rights Act of 1964, as amended.  Even if Plaintiff asserted such a claim it would be untimely.  Timely filing a charge of discrimination with the Equal Employment Opportunity Commission is a prerequisite to bringing suit under Title VII, see Maynard v. Pneumatic Prods. Corp., 256 F.3d 1259, 1262-63 (11th Cir. 2001), and there is no indication from Plaintiff's allegations that he complied with this requirement.

Defendants move to dismiss Plaintiff's breach of contract claims on the following grounds:  (1) Plaintiff has not alleged that he had a written employment agreement with any of the Defendants as required by Georgia law, (2) Plaintiff's alleged breach of oral agreement is barred by sovereign immunity and (3) none of the Defendants is a proper party to Plaintiff's breach of contract claim.  Defendants move to dismiss Plaintiff's due process claim on the grounds that (1) Plaintiff's claim is barred by the statute of limitations and (2) Plaintiff did not have a property interest in continued employment.  (Defs.' Mot. to Dismiss at 2.)

## II.   <u>DISCUSSION</u>

### A.   <u>Motion to Dismiss Standard</u>

The law in this Circuit governing motions to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is well settled.  Dismissal of a complaint is appropriate only when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action.  <u>Marshall County Bd. of Educ. v. Marshall County Gas Dist.</u>, 992 F.2d 1171, 1174 (11th Cir. 1993).  "Although a plaintiff is not held to a very high standard in a motion to dismiss for failure to state a claim, some minimal pleading standard does exist."  <u>Wagner v. Daewoo Heavy Indus. Am. Corp.</u>, 289 F.3d 1268, 1270 (11th Cir. 2002), *rev'd on*

*other grounds*, 314 F.3d 541 (11th Cir. 2002) (en banc).  "To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims."  Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1263 (11th Cir. 2004) ("Conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.") (citations omitted).  Where the defendant argues a claim is barred by the statute of limitations, the claim should be dismissed only when noncompliance with the statute of limitations is apparent on the face of the complaint.  See LaGrasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004) ("[O]ur cases say that a Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is 'apparent from the face of the complaint' that the claim is time-barred.") (citations omitted).  Applying these principles, the Court will address first Plaintiff's federal-law claim.

B.   Federal-Law Claim

Plaintiff claims he was denied his right to due process but does not explicitly provide a factual basis for this claim.[3]  The conduct underlying Plaintiff's claims is the termination of his employment on May 16, 2002, and his receipt of the May 16, 2002 letter advising him of his dismissal.  Section 1983 provides a cause of action for persons who have been "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States by a person or entity acting under color of state law.  42 U.S.C. § 1983.

Because Section 1983 does not contain a statute of limitations, federal courts select the most appropriate or analogous state statute of limitations.  Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986).  "[T]he proper limitations

_____

[3]  Plaintiff states "Defendants denied Plaintiff the Constitutional Right of Due Process as depicted by Plaintiff's Exhibit A."  (Compl. ¶ 10.)  Plaintiff's Exhibit A is comprised of two letters.  The first letter is dated February 8, 2004, and was sent by Plaintiff to Mr. Vanairsdale, the Superintendent of Fulton County Schools, requesting information concerning a letter "regarding [his] services as a substitute teacher," further stating, "[t]he information in this letter was vague and I have heard nothing from an authorized officer since this date."  The Court assumes the letter referenced in Plaintiff's February 8, 2004 letter is the May 16, 2002 letter informing Plaintiff of his dismissal.  The second letter contained in Exhibit A is dated September 16, 2005, and was sent by an attorney retained by Plaintiff to Mr. Wilson, the Superintendent of the Fulton County Board of Education, requesting similar information to that requested by Plaintiff in his February 8, 2004 letter.

period for all section 1983 claims in Georgia is the two year period set forth in

O.C.G.A. § 9-3-33 for personal injuries."[4]  Id.  The statute of limitations begins to

run on a cause of action on the date that the plaintiff could first have maintained his

action to a successful result.  Skully v. First Magnolia Homes, 614 S.E.2d 43, 45

(Ga. 2005) (citation omitted).

     In this case, the conduct on which Plaintiff's claims are based -- the alleged

termination of his employment on May 16, 2002 -- occurred more than two years

before he filed this action.[5]  Plaintiff has not presented, and the Court's research

has not uncovered, any facts or legal authority to support extending the limitations

---

[4]  O.C.G.A. § 9-3-33 provides:  "Actions for injuries to the person shall be brought within two years after the right of action accrues, except for injuries to the reputation, which shall be brought within one year after the right of action accrues, and except for actions for injuries to the person involving loss of consortium, which shall be brought within four years after the right of action accrues."

[5]  Even assuming Plaintiff's due process claim did not accrue until he requested additional information regarding his discharge, because Plaintiff filed suit more than two years after sending his February 8, 2004 letter, his claim still is barred by the statute of limitations.

period under these circumstances.[6]  Accordingly, Plaintiff's Section 1983 claim is

barred by the applicable statute of limitations and must be dismissed.[7]

    C.    <u>State-Law Claim</u>

The only remaining claim in this case is Plaintiff's state-law claim for breach

of contract.  This claim does not by itself confer original jurisdiction.

"A district court has discretion to decline to exercise supplemental

jurisdiction over the state law claims when . . . the district court has dismissed all

claims over which it has original jurisdiction . . . .  The decision on [whether to

retain jurisdiction over the state-law claims] should be and is vested in the sound

discretion of the district court." <u>Rowe v. City of Fort Lauderdale</u>, 279 F.3d 1271,

1288 (11th Cir. 2002); 28 U.S.C. § 1367(c).  In exercising this discretion, a court

may consider a number of factors, including judicial economy, convenience,

_____

    [6] <u>See generally</u> <u>Coffee v. General Motors Acceptance Corp.</u>, 30 F. Supp. 2d 1376, 1381 (S.D. Ga. 1998) ("The limitation period may be tolled if the defendant commits an act of actual fraud.  Actual fraud must have the effect of concealing from the plaintiff the existence of the cause of action despite her exercise of reasonable diligence.") (citations and quotations omitted).

    [7] Because Plaintiff's Section 1983 claims are barred by the statute of limitations the Court does not address Defendants' argument that Plaintiff's due process claim fails because he did not have a property interest in continued employment.  (Defs.' Mot. to Dismiss at 7.)

fairness and comity.  Id.  See also United Mine Workers v. Gibbs, 383 U.S. 715,

726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though

not insubstantial in a jurisdictional sense, the state claims should be dismissed as

well.").  Where the case originally was filed in the district court, the decision to

decline to retain jurisdiction over state-law claims will result in the dismissal

without prejudice of those claims.  See, e.g., Johnson v. Fulton Concrete Co., 330

F. Supp. 2d 1330, 1346-47 (N.D. Ga. 2004).  Where the case originally was filed in

state court, however, and then removed to the district court, the court may remand

the case to the state court.  See, e.g., Fallin v. Mindis Metals, Inc., 865 F. Supp.

834, 842 (N.D. Ga. 1994) ("The Court (1) finds that there is not any original

federal jurisdiction over the state claims remaining in this action, (2) declines, in

the Court's discretion under 28 U.S.C. § 1367(c), to exercise supplemental

discretion, and thus (3) finds that, under 28 U.S.C. § 1447(c), the Court does not

have subject matter jurisdiction over this action, and this case should be remanded

to state court."); Guzzino v. Felterman, 191 F.3d 588, 594-96 (5th Cir. 1999)

(affirming district court's decision to remand case to state court rather than retain

supplemental jurisdiction over remaining state-law claims).

Considering the nature of Plaintiff's state-law claim, and the stage of the proceedings at which Plaintiff's federal-law claim has been dismissed, the Court finds the above-listed factors counsel against retaining supplemental jurisdiction over Plaintiff's state-law claim.  Accordingly, this claim will be remanded to the Superior Court of Fulton County, Georgia.

III.   **CONCLUSION**

For the reasons stated above,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [3] is **GRANTED IN PART** and **DENIED IN PART**.  Defendants' motion is **GRANTED** with respect to Plaintiff's claim under Section 1983, and the Clerk of Court is **DIRECTED** to enter judgment in favor of Defendants on this claim. Defendants' motion is **DENIED** with respect to Plaintiff's state-law claim, and this case is **REMANDED** to the Superior Court of Fulton County, Georgia.

**SO ORDERED** this 30th day of May, 2006.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE